UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-60080-Cr-Lenard/O'Sullivan

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

DANIELLE HOWARD,

    Defendant.
_____/

## PLEA AGREEMENT

The United States of America and DANIELLE HOWARD, (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to the single-count Information, which charges the defendant with knowingly providing a false document to the Internal Revenue Service in connection with her 1040 federal income tax return for taxable year 2006, all in violation of Title 26, United States Code, Section 7207.

2. The defendant is aware that the sentence will be imposed by the court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the court relying in part on the results of a Pre-Sentence Investigation by the court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the court may depart from the advisory sentencing guideline range that

it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3. The defendant also understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of up to one (1) year, followed by a term of supervised release of up to one (1) year. In addition to a term of imprisonment and supervised release, the court may impose a fine of up to $100,000, order payment of the costs of prosecution and may order restitution.

4. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $50 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

5. The Office of the United States Attorney for the Southern District of Florida (hereinafter "Office") reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement,

this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

6. The United States and the defendant agree that, although not binding on the probation office or the court, they will jointly recommend that the court impose a sentence within the advisory sentencing guideline range produced by application of the Sentencing Guidelines. Although not binding on the probation office or the court, the United States and the defendant further agree that, except as otherwise expressly contemplated in this Plea Agreement, they will jointly recommend that the court neither depart upward nor depart downward under the Sentencing Guidelines when determining the advisory sentencing guideline range in this case.

7. The United States agrees that it will recommend at sentencing that the court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. The United States further agrees to recommend that the defendant be sentenced at the low end of the guideline range, as that range is determined by the court. The United States, however, will not be required to make these recommendations if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8. The defendant is aware that the sentence has not yet been determined by the court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the

defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the court. The defendant understands further that any recommendation that the government makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw her plea based upon the court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

9. The United States and the defendant agree that, although not binding on the probation office or the court, they will jointly recommend that the court make the following findings and conclusions as to the sentence to be imposed:

a. <u>Base Offense Level</u>: That the tax loss is more than $2,000 but less than $5,000 resulting in a Base Offense Level of 8 pursuant to §2T1.1(a)(1), and §2T4.1(B) of the advisory United States Sentencing Commission Guidelines, (hereafter "FSG").

10. In further exchange for this Agreement, and the defendant's full compliance with its terms and conditions, including the defendant's plea of guilty, the United States agrees to not bring additional charges against the defendant for the conduct outlined in the Information, or any other conduct known to the government at the time that the defendant's guilty plea is entered.

11. The defendant agrees that she will cooperate fully with the Internal Revenue Service in determining and paying any tax liabilities, penalties and interest of any parties and any years related to this prosecution, including but not limited to any personal tax liabilities for tax year 2006. To this end, the defendant agrees to file an accurate amended Federal personal income tax return

for tax year 2006, as soon as possible upon the signing of this Plea Agreement, and in any event, no later than the time of the defendant's sentencing. The defendant further agrees that the Court may order the payment of any tax liabilities established as of the date of sentencing as restitution. The defendant further agrees to waive the statute of limitations with respect to the assessment and collection of his taxes due and owing for tax year 2006. The defendant also agrees to provide the Internal Revenue Service with all requested documents and information for purposes of any civil audits, examinations, collections, or other proceedings. The defendant further agrees to waive any and all rights she may otherwise have, including causes of action, regarding disclosure of return information or any other information by the Internal Revenue Service or this Office for any purpose. Nothing in this Agreement shall limit the Internal Revenue Service in its collection of any taxes, penalties or interest due from the defendant or other parties.

12.     Nothing in this Agreement shall limit the IRS in its civil determination, assessment, and collection of any taxes, interest, and/or penalties that the defendant may owe. The defendant agrees that any statements made by her to the IRS and/or in this agreement shall be admissible against the defendant without any limitation in any civil or criminal proceeding and the defendant stipulates to the authenticity and admissibility, in any civil or criminal proceeding, of any documentation provided by the defendant to the IRS. The defendant hereby waives any protection afforded by Rule 410 of the Federal Rules of Evidence and Rule 11(f) of the Federal Rules of Criminal Procedure with regard to any such statements and documentation. In the event that the defendant withdraws from this agreement prior to pleading guilty and/or fails to fully comply with any of the terms of this agreement, the United States will, at its option, be released from its obligations under this agreement, but under no circumstances shall the defendant be released from the agreements and waivers made by her in this and the immediately preceding paragraph.

## SENTENCING APPEAL & COLLATERAL PROCEEDING WAIVER

13.    The defendant is aware that Title 18, United States Code, Section 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this Plea Agreement, the defendant hereby waives all rights conferred by Section 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or a variance from the guideline range that the Court establishes at sentencing.

The defendant further waives her right to contest her conviction and/or her sentence in any collateral proceeding, including proceedings brought under Title 28, Untied States Code, Section 2241 and Title 28, United States Code, Section 2255, on any ground, except that the defendant may bring a post conviction claim if the defendant establishes that ineffective assistance of counsel directly affected the validity of this waiver of appeal and collateral-challenge rights or the validity of the guilty plea itself. Subject to the foregoing, the defendant reserves the right to bring a direct appeal of any sentence imposed in excess of the statutory maximum. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this Agreement, the defendant acknowledges that she has discussed the appeal waiver and collateral proceeding waiver set forth in this Agreement with her attorney. The defendant further agrees, together with the United States, to request that the Court enter a specific finding that the defendant's waiver of her right to appeal the sentence to be imposed in this case was knowing and voluntary.

14. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings unless contained in a letter from the United States Attorney's Office executed by all parties and counsel prior to the change of plea.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 2/4/11    By: _____
STEPHEN CARLTON
ASSISTANT UNITED STATES ATTORNEY

Date: 2/4/11    By: _____
BRUCE UDOLF, ESQ.
ATTORNEY FOR DEFENDANT

Date: 2/4/11    By: _____
DANIELLE HOWARD    (Danielle Acosta)
DEFENDANT